*200 OPINION OF THE COURT
Peter H. Mayer, J.
The motion is decided as follows: it is ordered that the plaintiffs application (sequence No. 001) in this foreclosure action is hereby referred to a conference with the court on December 8, 2010 at 9:30 a.m.; and it is further ordered that prior to the scheduled conference, the plaintiff shall review the submitted application and shall appear by a principal of the firm, or by an attorney who has full authority to dispose of the submitted application and full authority to otherwise dispose of the case; and it is further ordered that the plaintiff shall promptly serve, via first class mail, a copy of this order upon the homeowner-defendant(s) at all known addresses (or upon their attorney if represented by counsel), as well as upon all other appearing parties, and promptly thereafter file the affidavits) of such service with the county clerk; and it is further ordered that at or before the time of the scheduled conference, plaintiffs counsel shall review the pending application submitted to the court, to determine whether or not such application is fully compliant with all foreclosure-related statutes, case law and court rules, including the October 20, 2010 administrative order of the Chief Administrative Judge for the State of New York, and, if not, counsel may withdraw the application without prejudice and with leave to resubmit, or may discontinue the action upon court approval and upon such terms and conditions the court deems appropriate; and it is further ordered that with regard to any future applications submitted to the court, the moving party(ies) must clearly state, in an initial paragraph of the attorney’s affirmation, whether or not the statutorily required foreclosure conference has been held pursuant to CPLR 3408 and, if so, when such conference was conducted; and it is further ordered that with regard to any scheduled court conferences or future applications, if the court determines that such conferences have been attended, or such applications have been submitted, without proper regard for the applicable statutes, case law and court rules, or without regard for the required proofs delineated herein, the court may, in its discretion, strike the noncompliant party’s pleadings or deny such applications with prejudice and/or impose sanctions pursuant to 22 NYCRR subpart 130-1, and may deny those costs and attorneys fees attendant with the filing of such future applications.
By administrative order of the Chief Administrative Judge for the State of New York, dated and effective October 20, 2010, plaintiffs’ counsel in foreclosure actions must file with *201 the court in all such actions an affirmation in a form prescribed by the order. For cases commenced after the October 20, 2010 effective date, the requisite affirmation must be filed “at the time of the filing of the Request for Judicial Intervention.” For actions pending on October 20, 2010, but where no judgment of foreclosure has yet been entered, the affirmation must be filed “at the time of filing either the proposed order of reference or the proposed judgment of foreclosure.” Lastly, for those actions in which the judgment of foreclosure has been entered, but the subject property has not yet been sold as of October 20, 2010, the affirmation must be filed “five business days before the scheduled auction, with a copy to be served on the referee.” The statement set forth in the preamble paragraph of the official mandatory affirmation form states:
“During and after August 2010, numerous and widespread insufficiencies in foreclosure filings in various courts around the nation were reported by major mortgage lenders and other authorities. These insufficiencies include: failure of plaintiffs and their counsel to review documents and files to establish standing and other foreclosure requisites; filing of notarized affidavits which falsely attest to such review and to other critical facts in the foreclosure process; and ‘robosignature’ of documents by parties and counsel. The wrongful filing and prosecution of foreclosure proceedings which are discovered to suffer from these defects may be cause for disciplinary and other sanctions upon participating counsel” (emphasis added).
The mandatory affirmation requires the plaintiffs attorney to state, under the penalties of perjury pursuant to CPLR 2106, that he or she communicated with plaintiffs representative (the name and title of whom must be specified) on a specified date, and that such representative informed the attorney that the representative
“(a) has personally reviewed plaintiffs documents and records relating to this case; (b) has reviewed the Summons and Complaint, and all other papers filed in this matter in support of foreclosure; and (c) has confirmed both the factual accuracy of these court filings and the accuracy of the notarizations contained therein.”
*202 The plaintiffs attorney must also affirm that
“[biased upon my communication with [plaintiffs representative], as well as upon my own inspection of the papers filed with the Court and other diligent inquiry, I certify that, to the best of my knowledge, information, and belief, the Summons and Complaint and all other documents filed in support of this action for foreclosure are complete and accurate in all relevant respects [and] I understand my continuing obligation to amend this Affirmation in light of newly discovered facts following its filing.”
Lastly the attorney must also acknowledge in the affirmation that he or she understands that the court will rely on the affirmation in considering the plaintiffs application.
From the language of the October 20, 2010 order, as well as the language of the mandatory affirmation and its preamble, the clear intent of the new rule is to assure accountability for and accuracy of all court filings in foreclosure actions. This court holds that after October 20, 2010, the mandatory affirmation must accompany all applications made at any and all stages of new and pending foreclosure proceedings, as a mere single filing at only one phase of the case would not comport with the intent of the Chief Administrative Judge’s order. If compliance were sufficient by filing at only one phase, papers filed subsequent to the tendering of the original affirmation could be filed with virtual impunity. Failure to submit the mandatory affirmation at all stages of the proceedings after October 20, 2010 shall result in denial of the requested relief and the potential issuance of any sanction the court deems appropriate under the applicable circumstances.
For all actions filed on or before October 20, 2010, and which have not yet been properly disposed of, plaintiff’s counsel shall submit the mandatory attorney affirmation pertaining to all previously filed papers, as well as with all future applications for any type of relief submitted thereafter. In doing so, counsel is reminded and admonished to heed the warning set forth in the preamble to the mandatory affirmation, that “[t]he wrongful filing and prosecution of foreclosure proceedings which are discovered . . . may he cause for disciplinary and other sanctions upon participating counsel” {id. [emphasis added]). If plaintiffs counsel is unable for personal or professional reasons to execute the necessary affirmation, the pending application *203 may be withdrawn without prejudice and with leave to resubmit upon proper papers, including the mandatory attorney affirmation.